# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.             Case No. 05-CR-278

**DALTON COOK**
   **Defendant.**

## SENTENCING MEMORANDUM

Defendant Dalton Cook pleaded guilty to conspiring to distribute 5 kilograms or more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846, as a repeat felony drug offender, 21 U.S.C. § 851. At sentencing, the government moved to dismiss the § 851 information in recognition of defendant's efforts to cooperate, which reduced the statutory mandatory minimum from 20 years to 10. Under the advisory sentencing guidelines, the parties agreed to an offense level of 29 (base level 32, U.S.S.G. § 2D1.1(c)(4), minus 3 for acceptance of responsibility, § 3E1.1) and criminal history category of VI, which produced an imprisonment range of 151-188 months. I adopted the parties' recommendation on the guidelines.

Defendant then requested a sentence of 120 months based on his attempts to cooperate and other factors under 18 U.S.C. § 3553(a). The government agreed that defendant's efforts warranted some consideration under § 3553(a), but advocated a sentence above the minimum. Under all the circumstances, I found a sentence of 130 months sufficient but not greater than necessary.

### I. SENTENCING FACTORS

In imposing sentence, the district court must consider all of the factors set forth in 18

U.S.C. § 3553(a). United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in § 3553(a)(2). The district court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, the court must consider the arguments of the parties, then impose sentence based on all of the § 3553(a) factors. Gall, 128 S. Ct. at 596. However, the court may not rely upon the

2

§ 3553(a) factors to impose sentence below a mandatory minimum set by statute. See, e.g., United States v. Duncan, 479 F.3d 924, 930 (7th Cir.), cert. denied, 128 S. Ct. 189 (2007).

## II. DISCUSSION

**A.     The Offense**

In 2005, defendant, a Dallas-area drug distributor, began supplying two Milwaukee-area dealers, Phillip Jones, Sr. and Phillip Jones, Jr. with marijuana and cocaine.[1] In late October 2005, defendant provided the Joneses with 4 kilograms of cocaine and 27 pounds of marijuana. The Joneses were arrested when they arrived back in Milwaukee from Texas on November 1, 2005, and agents seized the drugs. Defendant was arrested two days later after he traveled to Milwaukee to collect payment. The parties agreed that during 2005, defendant, his supplier and the Joneses conspired to distribute more than 100 pounds of marijuana and 5 kilograms of cocaine.

**B.     The Defendant**

Defendant was forty-four years old with a significant prior record: forgery-uttering in 1989, possession with intent to distribute in 1989, felonious possession of a firearm in 1992, drug possession in 1992, another forgery-uttering in 1992, and aggravated assault in 2003. He received significant sentences for several of these crimes, although greatly reduced by parole, yet continued to re-offend.[2] His family members made positive statements about him, both to the pre-sentence writer and in letters and statements to the court, but they seemed not

---

[1] I sentenced the younger Jones to 120 months in 2007.

[2] Defendant noted that two of his prior felony convictions involved the passing of bad checks, an offense not ordinarily punished so severely, and that his firearm offense was amended following a successful appeal. Nevertheless, defendant compiled 19 criminal history points and demonstrated no ability to be law-abiding for any significant period of time.

3

to realize the significance both of his prior record and of his involvement in drug trafficking. Defendant did not appear to have any substance abuse issues himself. He graduated from high school and completed some college, but his employment record was pretty sparse. He was unmarried with no children.

**C.    The Sentence**

The guidelines called for a term of 151-188 months, and I agreed that a significant prison term was necessary to satisfy the purposes of sentencing. This was a serious crime, involving a large amount of cocaine and marijuana, distributed over the course of a year. Defendant's prior record was likewise significant; he barely avoided career offender designation. Thus, a significant sentence was needed to provide for just punishment and protection of the public. I also had to impose a serious sentence to deter, as previous prison terms had not succeeded in correcting defendant's behavior.

Defendant's efforts to cooperate, although not yielding a formal motion, did merit some consideration. See United States v. Fernandez, 443 F.3d 19, 33 (2d Cir. 2006) (stating that the court should consider a defendant's efforts to cooperate, even if those efforts did not yield a motion pursuant to U.S.S.G. § 5K1.1); cf. United States v. Arceo, 535 F.3d 679, 688 (7th Cir. 2008) ("While the court could have relied on Arceo's cooperation as a basis for going below the guidelines range, it was not required to do so."). Defendant identified and provided information about his Texas supplier, and provided information and was willing to testify against Phillip Jones, Jr.'s aunt, Rita Bergeron, although that proved unnecessary when she pleaded guilty before another judge in this district. It appeared that defendant made a good faith effort to cooperate, it simply did not yield much. Based primarily on those efforts, I imposed a

4

sentence slightly below the range, a sentence of 130 months.[3] This sentence varied from the range by just 2 levels and thus created no unwarranted disparity.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 130 months. Upon release, I ordered him to serve five years of supervised release, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[3] In imposing this sentence, I also considered the fact that defendant spent three years in pre-trial detention in a local Wisconsin jail, far from his family in Texas and Oklahoma, as well as the positive character traits mentioned in the letters and statements from his family.

5